**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NEW YORK**

UNITED STATES DISTRICT COURT
FILED
SEP 26 2025
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

JOHN W. KARCZ, JR

            Plaintiff,

   vs.

CAROLINE WOJTASZEK; MARIO
GIACOBBE; BRIAN SEAMAN; AUBRIE
ALLEN; DEREK HAFNER; HOLLY
SLOMA; STEPHEN EARNHART; "The
NIAGARA COUNTY IDV COURT,"
JENELLE FASO; WILLIAM WATSON;
MARK SALTARELLI; The NIAGARA
COUNTY PROBATION DEPARTMENT;
The NIAGARA COUNTY SHERIFF'S
DEPARTMENT; The COUNTY of
NIAGARA; The CITY of NORTH
TONAWANDA POLICE DEPARTMENT
and The CITY of NORTH
TONAWANDA, JOHN/JANE DOES 1–
10

Case No.: CV- **25 CV 937 - S**

**VERIFIED COMPLAINT**

**DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT

1. Plaintiff brings this action under 42 U.S.C. § 1983 to redress systemic and egregious violations of his constitutional rights by prosecutors, judges, and court officials in Niagara County, New York.

2. Plaintiff was unlawfully detained for 63 days on a misdemeanor charge without arraignment, hearing, or judicial review.

3. Defendants knowingly pursued false charges, imposed excessive bail, denied evidentiary hearings, and obstructed Plaintiff's access to justice, violating his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and New York State law.

4. The plaintiff seeks relief for the Defendants' violations of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. § § 1983, by the United States Constitution, including its First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments, and by the laws and the Constitution of New York State. Plaintiff seek compensatory and punitive damages, injunctive relief, an award of costs, interest and attorney's fees, and such other further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

5. This court has jurisdiction under 28 U.S.C. § 1331 and 1343, over and the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments of the U.S. Constitution pursuant to 42 U.S.C. § § 1983 and 1988. The Plaintiff is seeking redress for violations of their common law, civil and constitutional rights.

Venue is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c) because the Defendants are officials of and employees of, or are THE CITY OF NORTH TONAWANDA, or THE COUNTY OF NIAGARA, which are administratively located within the boundaries of the Western District of New York and that the events giving rise to this claim occurred within the boundaries of the Western District of New York. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court so they may form part of the same case or controversy.

## PARTIES

6. Plaintiff is resident of New York State, County of Niagara. Plaintiff was at all relevant

times in this actions resident of Niagara County, New York.

7. Defendants are residents of New York State, County of Niagara.

8. A. Defendant CITY OF NORTH TONAWANDA is and was at all times relevant
herein a municipal entity created and authorized under the laws of the great State of
New York. It is authorized by law to maintain a police department which acts as its
agent in the area of law enforcement and for which it is ultimately responsible.
Defendant CITY OF NORTH TONAWANDA assumes the risks incidental to
maintaining a police force and the employment of police officers.
B. CITY OF NORTH TONAWANDA was at all times herein the public employer of
Defendants The CITY of NORTH TONAWANDA POLICE DEPARTMENT
are and were at all times relevant herein duly appointed and acting as officers,
servants, employees, and agents of the North Tonawanda Police Department, a
municipal agency of Defendant CITY OF NORTH TONAWANDA. At all times
relevant herein the individual Defendants were acting under color of the laws, statutes,
ordinances, regulations, policies, customs and/or usages of the State of New York and
the North Tonawanda Police Department, in the course and scope of their duties and
functions as officers, agents, servants, and employees of Defendant CITY OF NORTH
TONAWANDA, were acting for and on behalf of, and with the power and authority
vested in them by the CITY OF NORTH TONAWANDA and the North Tonawanda
Police Department, and were otherwise performing and engaging in conduct incidental
to the performance of their lawful functions in the course of their duties. They are sued
individually and in their official capacity.

D. Defendant MARK SALTARELLI was at all times relevant herein duly appointed and acting as officials, servants, employees, and agents of Defendant CITY OF NORTH TONAWANDA. At all times relevant herein the individual Defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant CITY OF NORTH TONAWANDA, were acting for and on behalf of, and with the power and authority vested in them by the CITY OF NORTH TONAWANDA, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

E. Defendant COUNTY OF NIAGARA is and was at all times relevant herein a county created and authorized under the laws of the great State of New York. It is authorized by law to maintain a sheriff's department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant COUNTY OF NIAGARA assumes the risks incidental to maintaining a sheriff's force and the employment of sheriff's deputies.

F. Defendant COUNTY OF NIAGARA was at all times herein the public employer of Defendants CAROLINE WOJTASZEK; MARIO GIACOBBE; BRIAN SEAMAN; AUBRIE ALLEN; DEREK HAFNER; HOLLY SLOMA; STEPHEN EARNHART; "The NIAGARA COUNTY IDV COURT;" The NIAGARA COUNTY PROBATION DEPARTMENT; The NIAGARA COUNTY SHERIFF'S DEPARTMENT.

G. Defendants CAROLINE WOJTASZEK; MARIO GIACOBBE; BRIAN SEAMAN; AUBRIE ALLEN; DEREK HAFNER; HOLLY SLOMA; STEPHEN

EARNHART; "The NIAGARA COUNTY IDV COURT," JENELLE FASO;
WILLIAM WATSON; MARK SALTARELLI; The NIAGARA COUNTY
PROBATION DEPARTMENT; The NIAGARA COUNTY SHERIFF'S
DEPARTMENT, JOHN/JANE DOE 1-10 upon information and belief, are and were
at all times relevant herein duly appointed and acting as officers or officials, servants,
employees, and agents of Defendant COUNTY OF NIAGARA. At all times relevant
herein the individual Defendants were acting under color of the laws, statutes,
ordinances, regulations, policies, customs and/or usages of the State of New York, in
the course and scope of their duties and functions as officers, agents, servants, and
employees of Defendant COUNTY OF NIAGARA, were acting for and on behalf of,
and with the power and authority vested in them by the COUNTY OF NIAGARA, and
were otherwise performing and engaging in conduct incidental to the performance of
their lawful functions in the course of their duties. They are sued individually and in
their official capacity.

## STATEMENT OF FACTS

9.  This civil suit is in pursuit of fundamental justice to right the wrongs perpetrated
    against the Plaintiff as a continuing pattern of abuse and conspiracy by a group of law
    enforcement officers joined and suborned by officials, a veritable "street gang in
    blue," in a vendetta of continuing violations led by Niagara County Judges Carolyn
    Wojtaszek and Mario Giacobbe, which began on February 10, 2025, and has
    continued in derivative and unattenuated fashion to the current day. The Plaintiff are
    seeking, in part, injunctive relief to bring those who would trample their rights to

justice, and in part, economic sanctions to make the Plaintiff and their family whole by compensating them with money damages for the losses they suffered.

10. Beginning on February 10, 2025, and continuing to the present day, the Defendants both individually and severally have acted in concert, conspiracy, intentional abrogation, and individual disregard for the Laws of the United States of America and with blatant disregard for the constitutional rights afforded the Plaintiff under the United States Bill of Rights and the Constitution, which is in itself a cause of action.

11. The Defendants acted under Color of State Law to deprive the Plaintiff of their rights under the Constitution of the United States of America and the Federal law. The Plaintiff alleges the Defendants did so with intent, guilty knowledge, malice aforethought, and arbitrary and capricious indifference to the rights of the Plaintiff and to the Constitution of the United States of America, which is likewise a cause of action.

12. The Plaintiff further allege, to wit, that the official Defendants have committed, aided and abetted in the commission, attempted to commit, and/or conspired to commit acts under Color of Law consisting of deprivation of privacy, unlawful detention, false imprisonment, false arrest, unlawful arrest, against the Plaintiff over a significant period of time in violation, abrogation, and/or evisceration of the 1st, 4th, 5th, 6th, 8th, 9th and 14th Amendments of the United States Constitution/42 U.S.C. § 1983 with official knowledge and *Guilty knowledge and willfulness*. By the conduct, acts, and omissions complained of herein, the police Defendants violated clearly established constitutional standards under the 1st, 4th, 5th, 6th, 8th, 9th and 14th Amendments to the United States Constitution of which any reasonable police officer under the circumstances would have known.

VERIFIED COMPLAINT

13. Additionally, the Plaintiff allege the Niagara County District Attorney's Office and specific employees have committed malicious prosecution to lend cover to many of the other Defendant's acts against the Plaintiff. The Judges of the Niagara County IDV Court also advanced their assent thereto. Thereby depriving and conspiring to deprive the Plaintiff of their rights under Color of Law, their civil rights, their constitutional rights, and substantial justice, life, liberty, and property; as well as denying the rights to seclusion, substantial dignity, and freedom from improper and undue publicity, and coerced self-incrimination.

14. Beginning on February 10, 2025, members of the North Tonawanda Police Department, Defendants herein, *as has become custom in the City of North Tonawanda,* illegally entered the Plaintiff' home to carry out acts of illegal search and seizure without justification, provocation, or legal right to do so. These instances were knowingly illegal to the officers involved, and taken against the express wishes of the Plaintiff as rightful owner, occupant, and or resident of the home at 357 Daniel Drive, North Tonawanda, New York, 14120.

15. At all times relevant to this complaint, the Defendants were engaged in a joint venture, assisting each other in performing the actions described herein and lending their physical presence and support and the authority of their offices to one another.

16. Plaintiff was falsely arrested on or about February 9–10, 2025. The cause of the arrest were false statements made by the Plaintiff's wife who later recanted and admitted attacking the defendant in a domestic argument.

17. At his arraignment before Judge Saltarelli, bail was set at $5,000 and a full stay-away TOP was issued. The bail was excessive and punitive, and the TOP immediately dispossessed Mr. Karcz of his residence.

VERIFIED COMPLAINT

18. The case has since been plagued by judicial recusals and irregularities. Judge Saltarelli was removed or illegally recused himself from the matter without explanation on February 26, 2025, and subsequent appearances before Judges Brown, Watson, Faso, Wojtaszek, and Giacobbe all resulted in refusals to hold a Crawford hearing, despite repeated defense requests.

19. The Plaintiff spent over 60 days incarcerated prior to arraignment before Judge Jenelle Faso, where his attorney argued for release under CPL 30.30. Instead, Judge Faso imposed ankle monitoring and continued the TOP, while explicitly refusing to hold a Crawford hearing. She directed Mr. Karcz to seek residence at the city mission, further deepening the deprivation.

20. Subsequent proceedings in Niagara County IDV Court imposed even more restrictive conditions, including curfew and partial house arrest, again without the evidentiary hearing required under Crawford.

21. The prejudice to Defendant is extreme: he has been excluded from his home and children for months, burdened with ankle monitoring, curfew, and probation reporting, and denied meaningful judicial review. The protected party herself, his wife Jennifer Karcz, has now provided a sworn letter recanting her prior allegations, confirming that she and the children are not afraid of Mr. Karcz, and expressly requesting that he be allowed to return home.

22. Jennifer Karcz acknowledges that her initial statements to police were made in anger, were factually untrue or exaggerated, and that she regrets agreeing to an order of protection. She further states that the children miss their father and that the family wishes for his return.

23. The continued enforcement of the TOP without evidentiary basis violates Mr. Karcz's

VERIFIED COMPLAINT

rights to due process under both the Federal and New York Constitutions. As the First Department held in *Crawford*, where exclusion from the home or children is at stake, due process requires a prompt evidentiary hearing. No such hearing has occurred here, and the delays point to a conspiracy between the defendants to deny the Plaintiff's rights under color of law.

24. There was no rational reason to dispossess the Plaintiff from his home without due process, and the Plaintiff had a right to be free from this violation of their rights.

25. By the conduct, acts, and omissions complained of in previous paragraphs herein, the Defendants violated clearly established constitutional standards under the United States Constitution of which any reasonable officer or official under the circumstances would have known.

As stated to follow are the instances elaborating these acts and the causes of action thereto:

26. Unlawful Pretrial Punishment and Property Deprivation. The Plaintiff was arrested around February 9–10, 2025. At arraignment, Judge Saltarelli imposed a $5,000 bail and a full stay-away Temporary Order of Protection (TOP). The excessive bail violated Mr. Karcz's Eighth Amendment right against unreasonable bail, while the immediate enforcement of the TOP—without a hearing—resulted in his forced removal from his home, infringing upon his Fourteenth Amendment right to due process and property.

27. Denial of Judicial Impartiality and Procedural Fairness The case has been marred by unexplained judicial recusals and procedural irregularities. Judge Saltarelli was removed without notice or cause, and subsequent judges—Brown, Watson, Faso, Wojtaszek, and Giacobbe—repeatedly denied defense motions for a Crawford hearing.

These refusals deprived Mr. Karcz of his right to a fair and impartial tribunal, violating his due process protections under both state and federal law.

28. Prolonged Detention Without Timely Review. Mr. Karcz endured over 60 days of incarceration before appearing before Judge Jenelle Faso. Despite arguments for release under CPL 30.30, Judge Faso imposed unlawfully imposed ankle monitoring and continued the TOP, again refusing to hold a Crawford hearing. Her directive that Mr. Karcz reside at the city mission compounded the deprivation of liberty and dignity, violating his right to be free from arbitrary detention and his right to housing and family integrity.

29. Escalation of Restrictions Without Due Process. Once she caused him to be summoned before the Niagara County IDV Court, Judge Wojtaszek, who would later be disqualified from this case, and who knew she had no legal reason to participate in matters involving the plaintiff; and in fact had a ethical and legal bar to not participate; subsequently imposed even harsher conditions—curfew and partial house arrest—without conducting the evidentiary hearing mandated by Crawford.
These escalating restrictions, imposed without judicial scrutiny, constitute a clear violation of Mr. Karcz's procedural due process rights and his liberty interests under the Fourteenth Amendment.

30. Ongoing Family Separation and Judicial Indifference. Due to the illegal and biased actions of Judge Giacobbe, Mr. Karcz has been excluded from his home and children for months, subjected to electronic surveillance, curfew, and probation reporting—all without meaningful judicial review. These conditions amount to state-sanctioned family separation, false imprisonment, and surveillance, violating the Plaintiff's fundamental rights to familial association and due process. The protected party,

Jennifer Karcz, has since recanted her allegations and requested his return, underscoring the lack of necessity or justification for continued restrictions.

31. Retraction of Allegations and Lack of Evidentiary Basis. Jennifer Karcz has admitted that her initial statements to police were made in anger and were either false or exaggerated. Her acknowledgment, along with the children's desire for their father's return, highlights the absence of credible threat or harm—making Judge Giacobbe's refusal to act and the continued enforcement of the TOP a violation of Mr. Karcz's right to be free from arbitrary state action and his right to family unity.

32. Systemic Due Process Violations. The ongoing enforcement of the TOP, despite the lack of evidentiary support and the protected party's retraction, constitutes a direct violation of Mr. Karcz's due process rights under both the Federal and New York State Constitutions. As established in Crawford, exclusion from one's home or children demands a prompt evidentiary hearing. The state's failure to provide such a hearing renders its actions unconstitutional and unjust.

33. In our New York Unified Court System, we pay County Court Law Clerks to help the judges they serve apply the law faithfully and impartially. Since the two Judge's Clerks involved, Sloma and Earnhart, are career prosecutors, long acquainted with, and used to acting, as lackeys to Judges Wojtaszek and Giacobbe, respectively, when the Judges were Prosecutors, their actions and inactions in this matter are nothing more than continuing to act as prosecutors behind the guise of judicial fairness and while unlawfully misusing the forum of the Niagara County IDV Court.

34. It is in the Niagara County IDV Court that escalating restrictions, imposed by disqualified Judge Wojtaszek and supported by her simpering lackey Giacobbe, without judicial scrutiny, constitute clear violations of Mr. Karcz's procedural due

process rights and his liberty interests under the Fourteenth Amendment and the
United States Constitution and Article 1, Section 6 of the New York State Constitution
which reasonable and impartial judges and law staff recognize to be illegal under color
of state and federal law.

35. The Niagara County IDV Court was created to serve families with complex legal and
psychosocial needs through a therapeutic model emphasizing treatment and
counseling.

36. Contrary to its legislative purpose, Defendants have operated the court as a punitive
venue, imposing excessive bail, electronic monitoring, curfews, and exclusion from
the home without evidentiary hearings.

37. Judges Giacobbe and Wojtaszek, both career prosecutors with no family law
experience, have presided over Plaintiff's case with prosecutorial bias, refusing to hold
required evidentiary hearings under People v. Crawford, 202 A.D.3d 527 (1st Dept.
2022).

38. Clerks Earnhart and Sloma have facilitated these violations by obstructing access to
hearings, manipulating scheduling, and denying procedural safeguards.

39. Plaintiff was excluded from his home and children for months, subjected to
surveillance and restrictions, and denied meaningful judicial review.

40. The protected party in Plaintiff's case has since recanted her allegations and requested
that Plaintiff be allowed to return home, yet the court continues to enforce the
Temporary Order of Protection without evidentiary basis.

41. Defendants' conduct reflects a deliberate pattern of targeting vulnerable families,
disregarding legislative intent, and violating constitutional rights.

42. The disturbing pattern which destroys the honesty, ambit, and function of the Niagara

VERIFIED COMPLAINT

County IDV court is that all of the judges and all of their clerks are prosecutors with no experience whatsoever in the family court.

43. This is not an accidental grouping, but rather the worst of the worst, career prosecutors with absolute disregard for the Rule of Law drawing together their brethren to attack the weakest of the weak, families with deeply convoluted legal and psychosocial issues, and attempt to manipulate legislative institutions to suit their own will. Which is a violation of the civil rights recorded under Article 1, Section 6 of the New York State Constitution as well as the 14th, fourth, fifth, and sixth amendments of the United States Constitution.

44. The integrity and constitutional function of the Niagara County Integrated Domestic Violence (IDV) Court have been fundamentally compromised by a pattern of judicial and administrative misconduct. Specifically, Judges Mario Giacobbe and Caroline Wojtaszek, along with law clerks Stephen Earnhart and Holly Sloma, have operated not as neutral arbiters but as career prosecutors with no demonstrable experience in family law. Their prosecutorial backgrounds and conduct reflect a systemic bias that undermines the court's statutory purpose and violates core constitutional protections.

45. This is not a coincidental staffing anomaly—it is a deliberate consolidation of prosecutorial power within a court designed to prioritize treatment, counseling, and rehabilitation. Under Wojtaszek and Giacobbe, instead of serving vulnerable families with complex legal and psychosocial needs, these officials have transformed the IDV court into a punitive apparatus, dispensing retribution rather than justice. Such conduct violates the foundational principles of impartial adjudication and due process guaranteed under both the New York State Constitution and the U.S. Constitution. This is Denial of Due Process (14th Amendment, U.S. Constitution; NY Const. Art. I

§ 6)

46. The blending of prosecutorial roles with judicial authority, as Wojtaszek and Giacobbe have done here, breaches the separation of powers doctrine and judicial ethics. The New York Rules of Judicial Conduct (22 NYCRR §100.2) mandate that judges "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." When former prosecutors dominate a court without family law expertise and impose punitive measures contrary to legislative intent, they erode public trust and violate ethical obligations.

47. The IDV court was legislatively designed to be a rehabilitative forum, emphasizing counseling and treatment over punishment. The transformation of this court into a punitive venue by Wojtaszek and Giacobbe contravenes its statutory purpose and violates the principle of ultra vires—acting beyond legal authority. Courts must adhere to the scope of their legislative mandate; deviation constitutes administrative overreach and violates the law.

48. The Niagara County IDV Court was created to serve families with complex legal and psychosocial needs through a therapeutic model emphasizing treatment and counseling.

49. Contrary to its legislative purpose, Defendants have operated the court as a punitive venue, imposing excessive bail, electronic monitoring, curfews, and exclusion from the home without evidentiary hearings.

50. Judges Giacobbe and Wojtaszek, both career prosecutors with no family law experience, have presided over Plaintiff's case with prosecutorial bias, refusing to hold required evidentiary hearings under People v. Crawford, 202 A.D.3d 527 (1st Dept. 2022).

51. Law Clerks Earnhart and Sloma have facilitated these violations by obstructing access to hearings, manipulating scheduling, and denying procedural safeguards.

52. Targeting families with complex psychosocial challenges through punitive measures—rather than therapeutic support—constitutes a violation of equal protection under the 14th Amendment. As held in Yick Wo v. Hopkins, 118 U.S. 356 (1886), facially neutral policies applied in a discriminatory manner violate constitutional protections. Here, the systemic bias against vulnerable litigants—especially those without legal sophistication—raises serious equal protection violations.

53. Through the actions of the Defendants, the Plaintiff was unnecessarily damaged, and the Plaintiff had a right to be free from this violation of their rights.

54. There was no consideration of the Plaintiff' personal dignity, and the Plaintiff had a right to be free from this violation of their rights.

55. City of Niagara Falls Judge Jenelle Faso knowingly considered prejudicial personal knowledge of a disqualifying nature as she had been a purchaser of illicit drugs from an acquaintance of the plaintiff for many years, and bought and used such drugs in the plaintiff's sight and presence. Since Mr. Karcz disapproved of Ms. Faso's drug habits and sexual promiscuity, they are long-time personal enemies and Jenelle Faso ordering that the highly restrictive ankle monitoring device is an extension of that feud, illegal, and Judge Jenelle Faso, who has recused herself in the past for these same reasons, should have not been allowed to hear any matters regarding this plaintiff.

56. Faso also ignored evidence of false arrest by the North Tonawanda Police Department under the guidance of the Niagara County District Attorney's Office, derivative of prior unlawful police actions. The Plaintiff had a right to be free from this violation of their rights.

VERIFIED COMPLAINT

57. The information presented to City of North Tonawanda Judge Mark Saltarelli did not meet the requirement for probable cause under the law as required to predicate a temporary order of protection, and upon information and belief, considered non-professionally predicated opinions and hearsay. Upon information and belief, Judge Saltarelli also garnered illegal and prejudicial hearsay from an ongoing close, personal relationship with the other previously recused judge of North Tonawanda, who Mr. Karcz successfully sued years ago. The consideration of these factors were beyond the scope of Saltarelli's authority. The Plaintiff had a right to be free from this violation of their rights.

58. In requesting the order of protection against the Plaintiff, the prosecutors, witnesses, and/or affiants intentionally and knowledgeably perjured themselves with blatant and intentional disregard to the civil rights of Mr. Karcz. By assisting the police in preparing the falsified affidavit and application, the prosecutor took on police work. The Plaintiff had a right to be free from this violation of their rights.

59. City of North Tonawanda Judge Saltarelli had a record of violating the Plaintiff's constitutional rights under the 5th, 6th, and 14th Amendments by an unlawful ruling in 2021. Judge Saltarell is not necessarily incompetent; however, his dealings with the Plaintiff, Mr. Karcz, consistently lead to violations of the Plaintiff' legal rights. Therefore, it is more likely than not Lewis acted in bad faith and out of improper motivations which is illegal under color of law.

60. Judge Saltarelli knew that the evidence must also pass a test of reliability that our justice system calls probable cause. The NYS Law spells out the evidence and safeguards required for a protective order. This test of reliability was not achieved, as the bases supplied were separately and severally objectively unreasonable for such

findings. By not protecting the Plaintiff' rights with equity, Saltarelli's conduct exceeded the scope of his discretionary authority in a manner no reasonable official would have under the circumstances.

61. No probable cause standard was met here because none of these lazy appointed or softly-elected judges want to do their job impartially and request such proof, nor had they any intention of protecting the Plaintiff's constitutional rights as that job requires, due to their personal enmity or conflicted feelings towards the Plaintiff Mr. Karcz, and the Plaintiff had a right to be free from this violation of his rights.

62. Plaintiff further brings this action under 42 U.S.C. § 1983 to redress egregious violations of his constitutional rights by Defendants DEREK HAFNER and other unknown officials, who acted under color of state law to unlawfully detain Plaintiff for 63 days on a misdemeanor charge without arraignment, hearing, or judicial review.

63. On or about Feburary 10, 2025, Plaintiff was arrested on a misdemeanor charge in Niagara County.

64. Despite the minor nature of the charge, Plaintiff was not arraigned within 24 hours as required by CPL § 140.20(1), nor was he released within five days as required by CPL § 170.70.

65. Plaintiff was held in custody for a total of 63 days without any court appearance, arraignment, or judicial review.

66. During this time, Defendant Hafner knowingly withheld Plaintiff's access to the court and stated his intent to detain Plaintiff as long as possible, despite knowing the charges were false.

67. Defendant Hafner knowingly pursued false charges and explicitly stated his intent to detain Plaintiff for as long as possible without providing a meaningful opportunity to

VERIFIED COMPLAINT

be heard.

68. Hafner had previously falsely prosecuted the plaintiff and the false charges were dismissed.

69. Plaintiff's prolonged detention without arraignment or court appearance violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as New York Criminal Procedure Law.

70. Plaintiff is a resident of Niagara County, New York, and was unlawfully detained by Niagara County officials.

71. Defendant DEREK HAFNER is an Assistant District Attorney for Niagara County and acted under color of state law.

72. Defendants Niagara County Sheriff and JOHN/JANE DOES 1–10 are unknown individuals who participated in or facilitated the unlawful detention and denial of Plaintiff's rights.

73. Plaintiff was denied access to counsel, denied bail review, and subjected to unlawful confinement without due process.

74. Defendant Hafner's conduct was malicious, intentional, and in direct violation of Plaintiff's clearly established constitutional rights.

75. Plaintiff was deprived of liberty without a prompt and meaningful opportunity to be heard, in violation of the Due Process Clause of the Fourteenth Amendment.

76. Defendant Hafner's intentional delay and obstruction of judicial review constitute a denial of procedural due process.

77. Plaintiff's prolonged detention without arraignment or probable cause determination violated his right to be free from unreasonable seizure under the Fourth Amendment.

78. Defendant Hafner's actions were not supported by legal process and were objectively

VERIFIED COMPLAINT

unreasonable.

79. Plaintiff was subjected to punitive detention without conviction or judicial oversight, violating his rights under the Eighth Amendment and the Due Process Clause.

80. Defendant Hafner's conduct amounted to cruel and unusual punishment.

81. Hafner knowingly pursued false charges and used the criminal process to detain Plaintiff without legal justification.

82. This abuse of prosecutorial power violated Plaintiff's civil rights and caused substantial harm.

83. Defendant DEREK HAFNER was joined in his unconstitutional conduct by Assistant District Attorney AUBRIE ALLEN and District Attorney BRIAN SEAMAN, both of whom acted under color of state law.

84. After Hafner's initial misconduct, Defendant ALLEN assumed prosecutorial responsibility for Plaintiff's case and continued the pattern of unlawful detention, denial of judicial review, and refusal to dismiss baseless charges.

85. Defendant SEAMAN, as the supervising District Attorney, was made aware of the misconduct and failed to intervene, thereby ratifying and endorsing the violations.

86. Plaintiff's complainant—the alleged victim—contacted Defendants Allen and Seaman and provided a sworn statement admitting that her allegations were false and made in anger.

87. Despite this recantation, Defendants Allen and Seaman refused to dismiss the charges or provide Plaintiff with a meaningful opportunity to be heard.

88. Defendants' continued prosecution of Plaintiff, despite actual knowledge of the complainant's recantation, constitutes malicious prosecution and deliberate indifference to Plaintiff's constitutional rights.

VERIFIED COMPLAINT

89. The coordinated actions of Hafner, Allen, and Seaman reflect a systemic abuse of prosecutorial power, targeting Plaintiff without legal justification and in violation of clearly established law.

90. On February 10–11, 2025, Plaintiff appeared before Judge Saltarelli in North Tonawanda City Court following arrest on a misdemeanor charge.

91.

92. Judge Saltarelli was assigned as a "conflict judge" due to prior recusals and disqualifications of other judges in the matter.

93. Despite the minor nature of the charge and Plaintiff's lack of criminal history, Judge Saltarelli imposed a bail of $5,000, an amount grossly disproportionate to the alleged offense and Plaintiff's flight risk.

94. The bail was not set as a reasonable security to ensure Plaintiff's appearance, but rather as a punitive measure intended to prolong detention.

95. Judge Saltarelli's decision violated the New York State Constitution's guarantee against excessive bail (Article I, § 5), and contravened established precedent.

96. Precedent cases and procedural law affirm that bail must be limited to an amount sufficient to ensure appearance, and that excessive bail constitutes an abuse of judicial discretion.

97. Judge Saltarelli misapplied the legal standard for bail, disregarded Plaintiff's constitutional protections, and contributed to Plaintiff's unlawful 63-day detention.

98. On February 26, 2025, Judge Saltarelli was abruptly removed from the case by Judge Caroline Wojtaszek without explanation, raising further concerns about judicial misconduct and lack of transparency.

99. Plaintiff was never provided a hearing to challenge the bail amount or the basis for

continued detention.

100. Plaintiff was not arraigned within 24 hours as required by CPL § 140.20(1), nor released within 5 days as required by CPL § 170.70.

101. Plaintiff remained incarcerated for 63 days without any court appearance or judicial review.

102. Prosecutor DEREK HAFNER knowingly pursued false charges and stated his intent to detain Plaintiff as long as possible without a hearing.

103. Assistant District Attorney AUBRIE ALLEN later assumed control of the case and continued the unlawful prosecution.

104. District Attorney BRIAN SEAMAN was contacted by the complainant, who admitted that her allegations were false and made in anger.

105. Despite this recantation, Defendants Allen and Seaman refused to dismiss the charges or provide Plaintiff with a meaningful opportunity to be heard.

106. Judges Giacobbe and Wojtaszek repeatedly refused to hold evidentiary hearings under People v. Crawford, 202 A.D.3d 527 (1st Dept. 2022), despite defense requests.

107. Plaintiff was excluded from his home and children for months, subjected to ankle monitoring, curfew, and probation reporting, without due process.

108. Clerks Earnhart and Sloma obstructed access to hearings and facilitated the imposition of punitive conditions.

109. Judge Saltarelli imposed a $5,000 bail—excessive and punitive under the circumstances—without considering Plaintiff's flight risk or ability to pay. Judge Saltarelli was mysteriously removed or removed himself from the case on February 26, 2025, without explanation.

110. The complainant has provided a sworn statement recanting her allegations and

VERIFIED COMPLAINT

requesting Plaintiff's return home.

111. Defendants' conduct reflects a coordinated abuse of power, targeting Plaintiff

without legal justification and in violation of clearly established law.

## CLAIMS FOR RELIEF

### 112. COUNT I – Violation of Due Process (14th Amendment; 42 U.S.C. § 1983)

Plaintiff was deprived of liberty without a prompt and meaningful opportunity to be

heard, in violation of the Due Process Clause of the Fourteenth Amendment.

Defendant Defendants Seaman, Allen, and Hafner's intentional delay and obstruction

of judicial review constitute a denial of procedural due process.

### 113. COUNT II – Unlawful Seizure (4th Amendment; 42 U.S.C. § 1983)

Plaintiff's prolonged detention without arraignment or probable cause determination

violated his right to be free from unreasonable seizure under the Fourth Amendment.

Defendants Seaman, Allen, and Hafner's actions were not supported by legal process

and were objectively unreasonable.

### 114. COUNT III – Excessive Punishment and Bail (8th and 14th Amendments)

Plaintiff was subjected to punitive detention without conviction or judicial oversight,

violating his rights under the Eighth Amendment and the Due Process Clause.

Defendants Seaman, Allen, and Hafner's conduct amounted to cruel and unusual

punishment.

### 115. COUNT IV – Malicious Abuse of Process

Defendants Seaman, Allen, and Hafner knowingly pursued false charges and used the

criminal process to detain Plaintiff without legal justification.

This abuse of prosecutorial power violated Plaintiff's civil rights and caused

substantial harm.

**116. COUNT V – Malicious Prosecution (Fourth and Fourteenth Amendments; 42 U.S.C. § 1983)**

Defendants Hafner, Allen, and Seaman initiated and continued criminal proceedings against Plaintiff without probable cause and with actual knowledge that the allegations were false.

The proceedings terminated in Plaintiff's favor or are ongoing without legal basis.

Defendants acted with malice and intent to harm, violating Plaintiff's rights under the Fourth and Fourteenth Amendments.

Plaintiff suffered loss of liberty, emotional distress, reputational harm, and financial damages as a result.

**117. COUNT VI – Supervisory Liability (Against Defendant Seaman)**

Defendant Seaman, as District Attorney, had a duty to supervise and correct unconstitutional conduct by his subordinates.

Seaman was aware of the misconduct and failed to take corrective action, thereby endorsing and perpetuating the violations.

**118. COUNT V – Malicious Prosecution (Fourth and Fourteenth Amendments; 42 U.S.C. § 1983)**

Defendants Hafner, Allen, and Seaman initiated and continued criminal proceedings against Plaintiff without probable cause and with actual knowledge that the allegations were false.

The proceedings terminated in Plaintiff's favor or are ongoing without legal basis.

Defendants acted with malice and intent to harm, violating Plaintiff's rights under the Fourth and Fourteenth Amendments.

Plaintiff suffered loss of liberty, emotional distress, reputational harm, and financial

VERIFIED COMPLAINT

damages as a result.

119. **COUNT VI – Supervisory Liability (Against Defendant Seaman)**

Defendant Seaman, as District Attorney, had a duty to supervise and correct unconstitutional conduct by his subordinates.

Seaman was aware of the misconduct and failed to take corrective action, thereby endorsing and perpetuating the violations.

His failure to act constitutes deliberate indifference and supervisory liability under § 1983.

120. **COUNT VII – Conspiracy to Violate Civil Rights (42 U.S.C. § 1983)**

Defendants Wojtaszek, Giacobbe, Saltarelli, Faso, Hafner, Allen, and Seaman acted in concert to unlawfully detain and prosecute Plaintiff without probable cause or due process.

Their coordinated actions demonstrate a conspiracy to deprive Plaintiff of his constitutional rights.

Plaintiff is entitled to damages and injunctive relief for the harm caused by this unlawful conspiracy.

121. **COUNT VIII – Excessive Bail in Violation of the Eighth and Fourteenth Amendments**

Judge Saltarelli's imposition of $5,000 bail on a misdemeanor charge violated Plaintiff's rights under the Eighth Amendment of the U.S. Constitution, which prohibits excessive bail.

The bail amount was greater than necessary to ensure Plaintiff's appearance and served no legitimate judicial purpose.

This conduct also violated Plaintiff's due process rights under the Fourteenth

VERIFIED COMPLAINT

Amendment, as bail was used punitively without justification or review.

**122. COUNT IX – Abuse of Judicial Discretion and Denial of Procedural Due Process**

Judge Saltarelli's bail decision constituted an **abuse of discretion** and a denial of procedural due process.

Plaintiff was not afforded a meaningful opportunity to contest the bail amount or present mitigating factors.

The lack of transparency surrounding Judge Saltarelli's removal from the case further undermines the integrity of the proceedings and supports a claim of judicial misconduct.

**123. COUNT X – Violation of State Constitutional Rights (Supplemental Claim)**
Plaintiff asserts a supplemental claim under **New York State Constitution Article I, § 5**, which prohibits excessive bail.

Judge Saltarelli's conduct violated this provision and relevant New York case law, entitling Plaintiff to relief under state law.

124. **COUNT XI – Abuse of Judicial Discretion and Denial of Procedural Due Process**

Judges Saltarelli, Giacobbe, and Wojtaszek abused their discretion and denied Plaintiff access to evidentiary hearings.

The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of policymakers of the COUNTY OF NIAGARA to the constitutional rights of the People within the county, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

VERIFIED COMPLAINT

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:


A. Declare that Defendants' conduct violated Plaintiff's constitutional rights;

B. Award compensatory damages for unlawful detention, emotional distress, and loss

of liberty;

C. Award punitive damages for intentional misconduct;

D. Grant attorney's fees and costs under 42 U.S.C. § 1988;

E. Grant injunctive relief requiring compliance with due process standards;

F. Grant such other relief as the Court deems just and proper.

Date: ~~July 29, 20~~
26 Sept. 2025




John W. Karcz, Jr.


IN PRO SE


Address for Complainant:
1040 85th Street
Niagara Falls, NY, 14304



Michael Watson
Notary Public- State of New York
No. 01WA0013259
Qualified in Erie County
My Commission Exp. 09/07/2027

26

VERIFIED COMPLAINT